```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
  In re:                                              :
                                                      :
  SAINT VINCENT'S CATHOLIC MEDICAL                    :
  CENTERS OF NEW YORK,                                :
                                                      :
                                Debtor,               :
                                                      :
  ---------------------------------------------------:
                                                      :
                                                      :
  ELAINE GARVY, as administratrix of the              :
  estate of Ronald Brophy, deceased,                  :
                                                      :
                                                      :
                                Appellant,            :
                     v.                               :
                                                      :
                                                      :
  EUGENE I. DAVIS, as liquidating trustee of          :
  the Saint Vincent's Catholic Medical Centers       :
  of New York Liquidating Trust,                     :
                                                      :
                                Appellee.             :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 26, 2015

14 Civ. 7370 (KPF)

<u>OPINION AND ORDER</u>

KATHERINE POLK FAILLA, District Judge:

    This Opinion considers the Court's jurisdiction over an appeal from an Order of the United States Bankruptcy Court for the Southern District of New York (Morris, *J.*).  Appellant Elaine Garvy, who has a history of untimeliness in the bankruptcy proceedings, had moved the Bankruptcy Court to consider timely-filed her untimely proof of claim.  The Bankruptcy Court denied the motion; this untimely appeal followed.  For the reasons set forth below, the Court concludes that, under the Federal Rules of Bankruptcy Procedure and applicable precedent, the Court lacks subject matter jurisdiction and therefore grants the motion of Appellee Eugene I. Davis to dismiss this appeal.

## BACKGROUND[1]

The bankruptcy proceedings underlying this appeal commenced in April 2010 in the Bankruptcy Court. (Schultz Decl. ¶ 4). On June 19, 2014, Appellant filed in that court a "Motion of Elaine Garvy Administrator of the Estate of Ronald Brophy Deceased to Consider Proof of Claim Timely Filed." (*Id.* at ¶ 6). By July 14, 2014, the motion was fully briefed. (*Id.* at ¶¶ 7-8). On July 17, 2014, the Bankruptcy Court heard argument from the parties and issued an oral ruling denying that motion. (*Id.* at ¶ 8). On July 22, 2014, the Bankruptcy Court entered an order memorializing its earlier ruling (the "July 22, 2014 Order"). (*Id.* at ¶ 9, Ex. A). On August 12, 2014, Appellant filed a notice of appeal from the July 22, 2014 Order. (*Id.* at ¶¶ 6, 10; Menkes Decl. ¶ 7; Dkt. #1 (notice of appeal)).

On September 11, 2014, the notice of appeal and designations of the record on appeal were entered in this Court. (*See* Dkt. #1-4). On September 15, 2014, this case was assigned to the undersigned, and on September 16, 2014, the Court issued a Bankruptcy Appeal Scheduling Order. (Dkt. #5). On September 22, 2014, Appellant filed the instant motion to dismiss. (Dkt. #6-10). On September 25, 2014, the Court stayed other deadlines pending resolution of Appellant's motion to dismiss. (Dkt. #11). In opposing Appellant's motion, Appellee filed a cross-motion to deem her notice

---

[1] The facts described herein are limited to those relevant to the Court's jurisdiction analysis. They are drawn from the record and undisputed. For convenience, attorney declarations are referred to as "[Name] Decl."; Appellee's opening brief is referred to as "Appellee Br."; Appellant's opposition is referred to as "Appellant Opp."; and Appellee's reply is referred to as "Appellee Reply."

of appeal timely filed, and these motions were fully briefed by October 27, 2014.  (*See* Dkt. #14-17).

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) typically requires that a notice of appeal "be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."[2]  This requirement is jurisdictional:  Federal "district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed 'in the time provided by Rule 8002 of the Bankruptcy Rules.'"  *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal[,] the district court is without jurisdiction to consider the appeal[.]")), *aff'd*, — F. App'x —, No. 14-1642, 2015 WL 1087708 (2d Cir. Mar. 13, 2015) (summary order); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (distinguishing *In re Siemon* but affirming its holding that the "time limits [ ] prescribed by statute for appeals to district courts acting as

---

[2] Amendments to the Federal Rules of Bankruptcy Procedure went into effect on December 1, 2014.  In its order implementing the new amendments, the U.S. Supreme Court directed that they "shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."  Order of Apr. 25, 2014 adopting amendments to Fed. R. Bankr. P.  The Court finds it impracticable to decide the parties' motions with a retroactive application of the new amendments.  First, the conduct and omissions at issue occurred in August 2014, prior to the effective date of the new amendments.  Next, the motions were fully submitted in October 2014, also prior to the effective date, and make arguments based on the previous version of the Rules.  Most importantly, having reviewed the amendments, the Court has determined that the changes to relevant provisions involve superficial tweaks of language or changes in subsection numbering that do not affect their substance, this Court's analysis, or this Court's jurisdiction.  Accordingly, this Opinion refers to the version of the Rules in effect prior to December 1, 2014.

appellate courts over bankruptcy matters" are jurisdictional); *In re Residential Capital, LLC*, No. 14 Civ. 9723 (PAE), 2015 WL 405570, at *1-3 (S.D.N.Y. Jan. 30, 2015) (citing *Indu Craft*, *Siemon*, and *Soundview Elite* and finding no jurisdiction over untimely-filed appeal). In this case, Appellant did not file her notice of appeal within 14 days, or by August 5, 2014, as she acknowledges. (Appellant Opp. 2; Menkes Decl. ¶ 7). Thus, in order for the Court to have jurisdiction, an exception to the Rule's 14-day requirement must apply.

Rule 8002 does contain exceptions to the 14-day requirement, but states:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c)(2).[3] In this case, Appellant did not request an extension of time within this 21-day window, or by August 26, 2014, as she

---

[3]  The Court understands all of Rule 8002, i.e., both subsections (a) and (c), to be jurisdictional. As the court in *Soundview Elite* explained:

> Analysis of Rule 8002(c)(2) is absent from the Second Circuit's holding in *Siemon* "that the time limit contained in Rule 8002(a) is jurisdictional." 421 F.3d at 169. However, as the Circuit recently clarified in *Indu Craft*, the jurisdiction-defining quality of timing rules like Rule 8002(a) stems from such rules' relation to jurisdiction-granting statutes like 28 U.S.C. § 158. 749 F.3d at 113 (noting that time limits are jurisdictional only when they are "statutorily prescribed" and "Congress has clearly stated that ... [they are] jurisdictional;" in contrast, nonstatutory rules and even statutory rules without a clear statement of jurisdictional intent are merely "nonjurisdictional claim processing rules" [(citations omitted)]). *Indu Craft* mandates a close textual "parsing [of] jurisdictional and nonjurisdictional statutory limitations." *Id.* at 113. Given that 28 U.S.C. § 158, the relevant statute, limits district courts' bankruptcy jurisdiction based upon "the time provided by Rule 8002" without distinguishing between 8002(a) and 8002(c),

again acknowledges. (Appellant Opp. 2-4, 6). However, she argues that the Court should construe her belated filing of a notice of appeal on August 12, 2014 — after the expiration of the August 5 deadline to file notice of appeal but within the 21-day window to file a motion for extension of time — as a timely motion for an extension of time. (*Id.* at 3-4, 6-7). She further argues that because information she advances for the first time in connection with the instant motion satisfies the test for excusable neglect,[4] her motion for extension of time should be granted and her notice of appeal should deemed timely, *nunc pro tunc*, to August 5, 2014. (*Id.* at 3-4, 6-9).[5]

First of all, Appellant simply failed to submit a "written motion [for an extension of time] filed before the time for filing a notice of appeal has expired," as required by the Rule. Fed. R. Bankr. P. 8002(c)(2). Acknowledging that failure, Appellant makes the rather circular argument that her late-filed notice

---

        this Court finds no justifiable basis for distinctions in the import of the two bankruptcy provisions. If one part of Rule 8002 is jurisdictional, then the other provision bears that same quality, even if the result is that federal courts are tasked with defining the limits of their own subject matter jurisdiction.

512 B.R. at 157 n.4.

[4]    Counsel for Appellant proffers various reasons why she failed to file a timely notice of appeal. The Court acknowledges that several of the reasons, including a vacation without cellular phone service followed by squatters at an inherited second home, are atypical. However, the crux of counsel's explanation — i.e., that she confused the deadlines for civil and bankruptcy appeals (*see* Appellant Opp. 8; Menkes Decl. ¶ 25) — is hardly the stuff of "excusable neglect." As it happens, the Court does not reach the issue of whether Appellant's proffered reasons meet the "excusable neglect" standard.

[5]    The Court observes that, while Appellant argues that she has put forward information supporting a finding of "excusable neglect" for her failure to file a timely *notice of appeal*, she does not argue — or provide any legal basis — for a finding that she should be excused for having missed the later deadline of August 26, 2014, to file a motion for an extension of time to file a notice of appeal. (*See, e.g.*, Menkes Decl. ¶ 9 (cataloging only reasons notice of appeal was filed late)).

of appeal should be construed as a motion for an extension of time to file her notice of appeal.  (Appellant Opp. 6-7).  In support, Appellant cites to certain cases that suggest disfavor of "overly formal filing requirements." *Soundview Elite Ltd.*, 512 B.R. at 157-58 (construing cover email stating that *pro se* appellants would "quickly correct any procedural missteps or make any revisions as we become aware of them" as motion for a one-day extension, *nunc pro tunc*, where notice of appeal filed two hours late, given totality of circumstances and appellants' *pro se* status); *see also Green* v. *United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting, in a *pro se* habeas corpus case, that "a district court is empowered, and in some instances may be required" to treat a motion "nominally seeking an extension of time ... as a substantive motion for relief"); *Adelson* v. *Harris*, 973 F. Supp. 2d 467, 495 (S.D.N.Y. 2013) (extending a deadline for filing motion to dismiss on certain grounds *nunc pro tunc* where litigants failed to file a formal motion on those grounds, but included a footnote in briefings that effectively provided the required notice to court and opposing party).

    The cases Appellant cites are inapposite.  None of them stands for the proposition that a bare, late-filed notice of appeal by a counseled party can constitute a motion for an extension of time to file that same notice of appeal.  Indeed, to accept Appellant's argument would seemingly vitiate Rule 8002(c)(2).  All of the cited cases involved some writing, however brief, that the court could construe as an application or as notice of an intent to seek an extension of time.  But nothing within Appellant's notice of appeal is analogous to the

transmittal message in *Soundview Elite* or the footnote in *Adelson*. It is a notice of appeal, and nothing more. (*See* Dkt. #1). Further, unlike the parties in *Soundview Elite* and *Green*, Appellant is counseled and receives no special solicitude from the Court in construing her papers.[6] And *Adelson*, while not involving a *pro se* litigant, is further distinguishable on the basis that it addressed whether a party had provided proper notice of a basis of a motion to dismiss. That is, it dealt not with fundamental question of the court's jurisdiction, but with the less weighty issue of whether a party had waived a certain argument. *See generally Adelson*, 973 F. Supp. 2d at 494-96.

In the time available to Appellant to file a motion for an extension (up to August 26, 2014), she filed none. Nor did she proffer any of the information or arguments she now offers in seeking to meet the legal standard for "excusable neglect." *Cf. Soundview Elite*, 512 B.R. at 159 (dismissing bankruptcy appeal for lack of subject matter jurisdiction because appellants failed to meet legal standard for "excusable neglect," where notice and email stated no facts or arguments that excused late filing, and *pro se* status alone insufficient). Accordingly, Rule 8002(c)(2) is inapplicable and this appeal fails for lack of subject matter jurisdiction.[7]

---

[6] Even if Appellant were granted the solicitude afforded *pro se* parties, the dearth of anything resembling a request for an extension of time would lead this Court to the same conclusion.

[7] As a second ground for dismissal, Appellee argues that the Court should dismiss the appeal because Appellant has failed to file a statement of issues. Because the Court has found that it does not have subject matter jurisdiction over this appeal, it does not reach this argument.

7

## CONCLUSION

For the foregoing reasons, the Appellee's motion to dismiss the appeal is GRANTED, and Appellant's motion to deem her notice of appeal timely filed is DENIED.  The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:     March 26, 2015
           New York, New York

                                    KATHERINE POLK FAILLA
                                    United States District Judge